435 A.2d 894

**COMMONWEALTH of Pennsylvania,**

v.

**Raymond ZIOMEK, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Oct. 9, 1981.

Lewis J. Bott, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

PER CURIAM:

Appellant, Raymond Ziomek, had pled guilty to various criminal charges and on May 12, 1980 was sentenced as follows:

No. 3112–A of 1979, first count, Kidnapping—sentenced to a minimum of four (4) years and a maximum of eight (8) years;

No. 3112–A of 1979, second count, Kidnapping—sentenced to a minimum of four (4) years and a maximum of eight (8) years to run concurrently with sentence imposed on first count of No. 3112–A of 1979;

No. 3112–C of 1979, first count, Robbery—sentenced to a minimum of four (4) years and a maximum of eight (8) years to run consecutively to sentence imposed on No. 3112–A of 1979;

No. 3112–C of 1979, second count, Robbery—sentenced to a minimum of three (3) years and a maximum of six (6) years to run concurrently with sentence imposed on first count of No. 3112–C of 1979;

No. 3219 of 1979, second count, Robbery—sentenced to a minimum of two (2) years and a maximum of eight (8) years to run consecutively to sentence imposed on No. 3112–C of 1979;

No. 3033 of 1979, second count, Robbery—sentenced to a minimum of four (4) years and a maximum of eight (8) years to run consecutively to sentence imposed on No. 3219 of 1979;

No. 3033 of 1979, first count, Criminal Conspiracy—sentenced to a minimum of two (2) years and a maximum of four (4) years to run concurrently with sentence imposed on the first count of No. 3033 of 1979.

In addition, he was ordered to pay restitution and the costs of prosecution. Appellant's Petition to Modify Sentence, Pa.R.Crim.P. 1410, was denied by the sentencing court without a hearing. This direct appeal followed.[1]

■ Appellant's first contention is that under the totality of the circumstances, his cumulative sentences are too severe. We disagree. His argument that the sentencing court did not give proper consideration to the circumstances of his involvement in the crimes or to his drug problem is refuted by the record.

In *Commonwealth v. Straw*, 238 Pa.Super. 535, 537, 361 A.2d 427, 428 (1976), allocatur refused, our court noted that:

1. Appellant has incorrectly cited our authority to hear this appeal. The correct citation is 42 Pa.C.S.A. § 742.

It has long been established that the sentence imposed upon a convicted defendant is within the sole discretion of the sentencing judge, . . . and that the lower court's discretion is very broad in the matter of sentencing, . . . . It is equally well-settled that an appellate court will not find an abuse of that broad discretion, providing that the sentence is within statutory limits, unless the sentence imposed is so manifestly excessive as to inflict too severe a punishment.

(Citations omitted).

In the instant case, the sentences were within statutory limits. The record shows that the sentencing court considered appellant's personal circumstances, including his drug problem; the circumstances of the crimes he committed, especially their violent and life-threatening nature; and the pre-sentence report. The court also stated, on the record, its reasons for believing that total confinement was necessary. We find that the sentencing court complied with all sentencing procedures and safeguards required by law. *See Commonwealth v. Wareham,* 259 Pa.Super. 527, 393 A.2d 951 (1978).

■ Appellant's second contention, that we should vacate his judgment of sentence because the sentencing court denied his Petition for Modification of Sentence without a hearing and without stating its reasons for the denial,[2] must also fail. A trial court may deny a defendant's petition for modification of sentence without a hearing. Pa.R.A.P. 1701; Pa.R.Crim.P. 1410 (Comment). The result is the same as if the trial court had not acted upon the petition within thirty days of its judgment of sentence, i. e., denial without a hearing. *See Commonwealth v. Pinkney,* 267 Pa.Super. 288, 406 A.2d 1045 (1979).

■ A petition for modification of sentence is designed to give the sentencing court an opportunity, before appellate

2. The sentencing court, in accordance with Pa.R.A.P. 1925(a), stated that the "reasons for the Order appealed from [the denial of appellant's Petition for Modification of Sentence], . . . are contained in the stenographic record of the sentencing."

review is undertaken, to correct any errors it may have committed at sentencing. *See* Pa.R.Crim.P. 1410 (Comment); *Cf. Commonwealth v. Riggins*, 474 Pa. 115, 130–31, 377 A.2d 140, 148 (1977) (the trial court must state on the record its reasons for the sentence it imposed on defendant to, inter alia, aid appellate courts in ascertaining whether "the sentence imposed was based upon accurate, sufficient and proper information."). A modification of sentence hearing, therefore, is only necessary if the sentencing record discloses errors by the trial court. Should the modification petition fail to raise such errors, then the trial court is under no obligation to hold an obviously frivolous hearing or write an unnecessary opinion supporting its denial of the modification petition. It is within the trial court's discretion to rely upon the sentencing record.

Judgment of sentence affirmed.