453 A.2d 10

**COMMONWEALTH of Pennsylvania,**

v.

**Richard Alan BURTNER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 26, 1982.

Filed Nov. 30, 1982.

Daniel McGee, Public Defender, Bellefonte, for appellant.

David Edward Grine, District Attorney, Bellefonte, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

The appellant, Richard Burtner, entered pleas of guilty to informations charging him with unauthorized use of an automobile[1] and five counts of burglary.[2] He was sentenced to an aggregate term of two and one-half (2½) to five (5) years imprisonment. On direct appeal, he contends that the lower court abused its discretion by imposing a

1. 18 Pa.C.S. § 3928.

2. 18 Pa.C.S. § 3502.

manifestly excessive sentence and by refusing to consider, during proceedings on a motion to modify the sentence, evidence which he wished to offer regarding deficiencies in the drug and alcohol program of the State Correctional Institution at Camp Hill. Finding appellant's arguments to be meritless, we affirm the judgment of sentence.

At sentencing on October 5, 1981, appellant requested a continuance to obtain additional evidence pertaining to the Daytop Village Drug Treatment Center as a sentencing alternative to total confinement. This request was granted, and the sentencing hearing was resumed on October 26, 1981. At that time, the court considered appellant's evidence regarding the programs offered at Daytop Village and Gaudenzia House. It also considered a presentence investigation and particularly appellant's drug and alcohol problems, prior convictions, and his unsatisfactory prior attempts to achieve rehabilitation. The sentencing judge entered on the record a lengthy and thoughtful statement of the factors considered in formulating the sentence and then imposed a sentence of not less than one (1) nor more than two (2) years imprisonment on the conviction for unauthorized use of an automobile and a consecutive sentence for not less than one and one-half (1½) nor more than three (3) years on the burglary convictions, with credit to be given for time served. Appellant was also sentenced to make restitution to the burglary victims and to pay the costs of prosecution.

On November 5, 1981, appellant filed a petition for reconsideration of the sentence. A hearing thereon was held on November 16, 1981. At that time, appellant attempted to present evidence regarding inadequacies in and unavailability of the drug and alcohol treatment program at Camp Hill, the facility at which he was then incarcerated. The court refused to receive such evidence but allowed appellant to make an offer of proof regarding the treatment program at Camp Hill. The court then explained again, in depth and on the record, the reasons for the sentence of imprisonment and

the considerations militating against placing appellant in the Gaudenzia House program.

◼ "Our scope of review when confronted by a challenge to the severity of a sentence is well known and has been oft-repeated. Where no statutorily mandated sentence is implicated, trial judges in this Commonwealth are vested with broad discretion in sentencing." *Commonwealth v. Rooney,* 296 Pa.Super. 288, 292, 442 A.2d 773, 774 (1982). Accord: *Commonwealth v. Mead,* 300 Pa.Super. 510, 512–513, 446 A.2d 971, 972–973 (1982); *Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 400, 444 A.2d 1235, 1240 (1982); *Commonwealth v. Corson,* 298 Pa.Super. 51, 54, 444 A.2d 170, 172 (1982); *Commonwealth v. Campolei,* 284 Pa.Super. 291, 297, 425 A.2d 818, 821 (1981); *Commonwealth v. Michenfelder,* 268 Pa.Super. 424, 427, 408 A.2d 860, 862 (1979). "[I]n exercising its discretion the sentencing court must not overlook pertinent facts, disregard the force of evidence or commit an error of law. Nor may it impose a sentence exceeding that prescribed by statute. In addition, the trial court must examine the circumstances of the crime and the individual background of the defendant. For the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitation needs of the defendant." *Commonwealth v. Edrington,* 490 Pa. 251, 255–256, 416 A.2d 455, 457 (1980). Accord: *Commonwealth v. Knight,* 479 Pa. 209, 212–213, 387 A.2d 1297, 1299 (1978); *Commonwealth v. Lee,* 278 Pa.Super. 609, 612, 420 A.2d 708, 710 (1980).

◼ A sentence will not be found excessive and will not be disturbed on appeal where, as here, it does not exceed statutory limits and the sentencing colloquy clearly demonstrates that the sentencing court carefully considered all evidence relevant to the determination of a proper sentence. See: *Commonwealth v. Kalson,* 301 Pa.Super. 31, 446 A.2d 1320 (1982); *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. Garrison,* 292 Pa. Super. 326, 332–333, 437 A.2d 407, 410 (1981); *Common-*

*wealth v. Ziomek,* 291 Pa.Super. 251, 254, 435 A.2d 894, 895–896 (1981).

■■■ Appellant next complains because, upon motion to reconsider the sentence, the court refused to allow evidence of the inadequacy and unavailability to him of an existing treatment program at Camp Hill. The purpose of a petition for reconsideration of sentence is to afford the sentencing court an opportunity, prior to appellate review, to correct any errors that may have occurred at sentencing. See: *Commonwealth v. Anderson,* 304 Pa.Super. 476, 480, 450 A.2d 1011, 1014 (1982); *Commonwealth v. Ziomek, supra,* 291 Pa.Superior Ct. at 254–255, 435 A.2d at 896; *Commonwealth v. Koziel,* 289 Pa.Super. 22, 24, 432 A.2d 1031, 1032 (1981); *Commonwealth v. Ruschel,* 280 Pa.Super. 187, 421 A.2d 468 (1980); *Commonwealth v. Gottshalk,* 276 Pa.Super. 102, 105, 419 A.2d 115, 117 (1980).[3] "A modification of sentence hearing ... is only necessary if the sentencing record discloses errors by the trial court. Should the modification petition fail to raise such errors, then the trial court is under no obligation to hold an obviously frivolous hearing or write an unnecessary opinion supporting its denial of the modification petition. It is within the trial court's discretion to rely upon the sentencing record." *Commonwealth v. Ziomek, supra,* 291 Pa.Superior Ct. at 255, 435 A.2d at 896.

We do not hold that a sentencing judge cannot receive additional evidence in response to an application to modify sentence. However, the court is not required to afford the defendant a second opportunity to present evidence not related to any alleged error occurring at a prior proceeding. Where the sentencing procedure has been properly conducted, it is within the court's discretion whether to receive additional evidence or rely on the sentencing record. In the instant case, the court did not abuse its discretion by refusing to consider evidence not presented at the initial

3. Failure to raise such error in a petition for reconsideration will preclude consideration of the issue on appeal. *Commonwealth v. Anderson, supra; Commonwealth v. Koziel, supra,* 239 Pa.Superior Ct. at 24, 432 A.2d at 1032; *Commonwealth v. Shaw,* 280 Pa.Super. 575, 583, 421 A.2d 1081, 1085 (1980).

sentencing hearing and not relevant to any allegations of error contained in the petition for modification of sentence.

The judgment of sentence is affirmed.