489 A.2d 845

**COMMONWEALTH of Pennsylvania**

v.

**Charles Jefferson SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1984.

Filed March 1, 1985.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before CIRILLO, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence in which appellant, Charles Smith, entered pleas of guilty to rob-

bery,[1] aggravated assault,[2] and disorderly conduct.[3] We reverse and remand for proceedings consistent with this opinion.

In this appeal, appellant raises one issue. He contends that his sentence is excessive because it "was nearly three times greater than the maximum sentence recommended under the guidelines for an 'aggravated' range." Brief for the Appellant at 2.

Appellant received a term of imprisonment of not less than five years nor more than ten years on the robbery conviction; a consecutive term of imprisonment of not less than six months nor more than one year on the disorderly conduct conviction, and a term of probation of ten years on the aggravated assault conviction, which was to run concurrent with the robbery conviction.

■ At the outset, the prosecution contends that the issue is waived because "[a]ppellant waited until the 28th day after the imposition of sentence to file his motion." Brief for the Prosecution at 3.

However, the record shows that appellant's counsel made the following statement at the sentencing hearing after being informed of his appellate rights:

MR. BOYD: Your honor, at this time inasmuch as the Court's minimum sentence on the robbery is three and a half times the maximum of the aggravated circumstances for a guideline score of seven, with no prior record, the *Defendant wishes to orally make a motion to modify this sentence, which will be reduced to writing.* N.T. 6/27/83 at 11. (emphasis added).

The trial court responded in the following manner:

"THE COURT: You may do so and I have stated the reasons on the record, and I will place those reasons—again in the guidelines report. And they are basically that the Defendant has a history of assault, that he is

1. 18 Pa.C.S.A. § 3701(a)(1)(iv).
2. 18 Pa.C.S.A. § 2702(a)(1).
3. 18 Pa.C.S.A. § 5503.

before the Court—two assault charges. And that the assault charges stem from a needless, senseless act of assault, which took place after the primary robbery had taken place." Sentencing Transcripts at 11–12.

Under these facts, we cannot assume that appellant's decision to reduce his petition to writing late was done in a knowing, intelligent, and voluntary manner particularly when the record indicates that the court granted appellant permission at sentencing to "orally make a motion to modify sentence, which will be reduced to writing." *Id.* Thus, we will consider appellant's motion as if it had been filed timely. *See Commonwealth v. Thomas,* 301 Pa.Super. 333, 337, 447 A.2d 994, 996 (1982) (where appellant was led to believe that his appeal would be timely if filed within 30 days of the disposition of his motion to challenge his sentence instead of from the date that his sentence was imposed, his appeal would be considered as if timely filed). We have said that:

"[t]he purpose of a petition for reconsideration is to afford the sentencing court an opportunity prior to appellate review, to correct any errors that may have occurred at sentencing." *Commonwealth v. Burtner,* 307 Pa.Super. 230, 235, 453 A.2d 10, 12 (1982) (citations omitted).

*See* Pa.R.Crim.P. 1410 ("petition to modify should be filed within 10 days of the date that sentence is imposed").

In the instant case, the trial court was not deprived of that opportunity since it had "an opportunity prior to appellate review to correct any errors that may have occurred at sentencing." *Id. See Commonwealth v. Gordon,* 329 Pa. Super. 42, 49, 477 A.2d 1342, 1345–6 (1984) ("the trial court lacks jurisdiction to modify a sentence once the 30 day period for filing an appeal has passed.").

■ Appellant is arguing that the new sentencing guidelines were not followed, and that the matter should be remanded because the court "gave no reasons why the sentencing guidelines were not imposed." Brief for Appellant at 2.

We must remand the matter because the sentencing proceedings were defective.

The appellant was sentenced on June 27, 1983, which was after the effective date of the sentencing guidelines set forth in 204 Pennsylvania Code, Chapter 303, 42 Pa.C.S. § 9721 (effective July 22, 1982). Recently, this Court applied the new guidelines and said the following:

Initially, we note that there are two sets of "guidelines" for imposition of sentence. The earlier legislative "guidelines" are actually factors to be considered in weighing sentencing alternatives found in the Sentencing Code, 42 Pa.C.S. § 9701, and deal in general with the alternatives of (1) probation; (2) determination of guilt without further penalty; (3) partial confinement; (4) total confinement and (5) a fine. 42 Pa.C.S. §§ 9721 to 9726. As noted in *Commonwealth v. Doyle*, 275 Pa.Super. 373, 380, 418 A.2d 1336, 1340 (1979):

In imposing sentence the court "must not overlook pertinent facts, disregard the force of the evidence, commit an error of law ... or inflict punishment exceeding that prescribed by statute." *Commonwealth v. Knight, supra*, 479 Pa. [209] at 212, 387 A.2d [1297] at 1299; *see Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973). The court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence that is the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *See* The Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S. § 1321(b) (Supp.1977); *Commonwealth v. Knight, supra, Commonwealth v. Riggins, supra* [474 Pa. 115, 377 A.2d 140 (1977) ]. (emphasis added).

\* \* \* \* \* \*

The guidelines promulgated by the Pennsylvania Commission on Sentencing are set forth in the Pennsylvania Code and found at 42 Pa.C.S. § 9721. They were adopted

by the legislature on May 14, 1982, to become effective on July 22, 1982. The purpose of the sentencing guidelines is to insure that more uniform sentences are imposed in this Commonwealth. Accordingly, the guidelines set forth the minimum range, aggravated minimum range and mitigated minimum range of sentence for the offenses dealt with in the sentencing range chart. The sentence range chart deals with specific offenses and the range of sentence for that offense considering "the offense gravity score" and "prior record score" as well as "weapon enhancement", if applicable. The sentencing guidelines now include specific as well as general standards which must be considered by the trial court.

In every case where sentence is imposed the court must state on the record at sentencing the reasons for the imposition of the sentence. This rule is applicable whether or not the sentence imposed is within the specific guidelines established by the Pennsylvania Commission on Sentencing. *Commonwealth v. Royer,* 328 Pa.Super. 60, 66, 476 A.2d 453, 455 (1984).

The underlying crime for which appellant was sentenced stemmed from appellant's entrance into a Turkey Hill Minit Market at 3:50 in the morning in Lancaster, Pennsylvania on December 8, 1982. While appellant was in the store, he struck the cashier about the face and neck areas and attempted to commit a robbery.

Appellant demanded money and received approximately sixty dollars in cash. The victim sustained serious bodily injury and had to be admitted to the hospital to have extensive medical attention.

In the instant case, there is no issue regarding whether the trial court complied with the first set of general guidelines as set forth in *Commonwealth v. Riggins, supra.* Instead, we are confronted with a question about the specific standards which must be considered by the trial court.

The record shows that appellant entered pleas of guilty to felonies of the second degree, robbery and aggravated

assault. The simple assault charge was reduced to disorderly conduct, a misdemeanor of the third degree.

The procedure for determining the guideline sentence is set forth as follows in Section 303.2:

(1) Determine the prior record and offense gravity scores as described in §§ 303.7 and 303.8 (relating to prior record score and offense gravity score) except where the current conviction is for "Driving Under the Influence" under 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance).

(2) Refer to the Sentence Range Chart in § 303.9 (relating to sentence range chart) except in cases of "Driving Under the Influence" under 75 Pa.C.S. 3731 (relating to driving under the influence of alcohol or controlled substance); in which case, refer to § 303.5 (relating to driving under the influence of alcohol or controlled substance).

(3) Determine if aggravating or mitigating circumstances apply, as described in § 303.3 (relating to aggravating or mitigating circumstances).

(4) Select a sentence from the Sentence Range Chart as listed in § 303.9 (relating to sentence range chart) except where the current conviction is for "Driving Under the Influence" under 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance); in which case, apply the provisions of § 303.5 (relating to driving under the influence of alcohol or controlled substance).

(5) Determine if a deadly weapon was used in the offense and apply the provisions of § 303.4 (relating to deadly weapon enhancement).

First of all, the trial court stated that it would "not be considering the juvenile record of the appellant". Sentencing Hearing at 4. The court also said that the appellant "has no prior criminal record as an adult". *Id.* at 7. However, the court noted the following:

"while [appellant] was in the military service he spent thirteen and one-half months in prison for assault of a

fellow enlisted man. And this is based on an admission of his own made to the investigating officer who did the pre-sentence report. This was a crime of violence, which placed people's lives in danger and created a risk of bodily injury, serious bodily injury, and in this particular case, even the possibility of death." *Id.*

The sentencing guidelines define a prior conviction in the following manner:

"A prior conviction is defined as a case in which a verdict of guilty has been entered in the record and sentence has been imposed for an offense which occurred prior to the date of the current offense, notwithstanding any appeal taken on the prior offense." § 303.7(g).

By appellant's own admission, he had a prior criminal record when he was nineteen years of age while serving in the armed forces.

In determining, the second aspect of the guidelines sentence, the offense gravity score, we note that the robbery score has been "subcategorized and scored by the Commission according to the particular circumstances of the offense." § 303.8(b). In this subsection, "[t]he court determines which score applies in certain cases," e.g., possessing instruments of crime, burglary, involuntary deviate sexual intercourse, and a former convict not to own a firearm.[4] *Id.* The relevant sections of the robbery score are as follows:

4.  Section 303.8 is set forth in the following format:

    **§ 303.8  Offense gravity score.**
    (a) An offense gravity score is given for each current conviction offense. It ranges from 1–10.
    (b) Offenses under the following provisions are subcategorized and scored by the Commission according to the particular circumstances of the offense. The court determines which score applies:
    18 Pa.C.S. § 907 (relating to possessing instruments of crime)
    18 Pa.C.S. § 3502 (relating to burglary)
    18 Pa.C.S. § 2702 (relating to aggravated assault)
    18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)
    18 Pa.C.S. § 3701 (relating to robbery)
    18 Pa.C.S. § 6105 (relating to former convict not to own a firearm, etc.)

CRIMES CODE OFFENSES

| 18 Pa.C.S. § | Offense Title | Statutory Classification | Offense Gravity Score |
|---|---|---|---|
| 3701(a)(1)(i) | Robbery (inflicts serious bodily injury) | F1 | 9 |
| 3701(a)(1)(ii) | Robbery (threatens another with or intentionally puts him in fear of immediate serious bodily injury) | F1 | 7 |
| 3701(a)(1)(iii) | Robbery (commits or threatens immediately to commit any F1 or F2) | F1 | 7 |
| *3701(a)(1)(iv) | Robbery (inflicts bodily injury) | F2 | 6 |
| *3701(a)(1)(iv) | Robbery (threatens bodily injury or intentionally puts him in fear of immediate bodily injury) | F2 | 5 |
| 3701(a)(1)(v) | Robbery (physically takes or removes property by force, however slight) | F3 | 5 |

303.8(d).

The court did not articulate at sentencing which offense gravity score was applicable; however, the court stated that the robbery offense initially charged was a felony of the first degree although appellant eventually entered a plea to a felony of the second degree. According to this scenario, the applicable offense score would be six (6).

As a next step, we must determine according to Section 303.2(3) if aggravating or mitigating circumstances are present. These circumstances have been defined according to Section 303.3 in the following manner:

18 Pa.C.S. § 6106 (relating to firearms, not to be carried without a license)
18 Pa.C.S. § 6108 (relating to persons to whom delivery shall not be made)
(c) Offenses which are not listed in subsection (d) are scored as follows:

| | |
|---|---|
| Felony I | 7 |
| Felony II | 6 |
| Felony III | 4 |
| Felonies not subclassified by the General Assembly | 4 |
| Misdemeanor I | 3 |
| Misdemeanor II | 2 |
| Misdemeanor III | 1 |
| Misdemeanors not classified by the General Assembly | 1 |

## § 303.3 Aggravating or mitigating circumstances.

When the court determines that aggravating or mitigating circumstances warrant:

(1) It may sentence:

(i) within the aggravated or mitigated range provided in § 303.5 (relating to driving under the influence of alcohol or controlled substance) when the current conviction is for "Driving Under the Influence"; or

(ii) within the aggravated or mitigated range provided in § 303.9 (relating to sentence range chart) for all other convictions; and

(2) it shall state the reasons therefore on the record.

The third step is to refer to the sentence range chart which is set forth in § 303.9. The relevant range chart is as follows:

| Offense Gravity Score | Prior Record Score | Minimum Range* | Aggravated Minimum Range* | Mitigated Minimum Range* |
|---|---|---|---|---|
| 6<br><br>For example: Robbery inflicting bodily injury; Theft by extortion (Felony III)** | 0 | 4–12 | 12–18 | 2–4 |
| | 1 | 6–12 | 12–18 | 3–6 |
| | 2 | 8–12 | 12–18 | 4–8 |
| | 3 | 12–29 | 29–36 | 9–12 |
| | 4 | 23–34 | 34–42 | 17–23 |
| | 5 | 28–44 | 44–55 | 21–28 |
| | 6 | 33–49 | 49–61 | 25–33 |

* WEAPON ENHANCEMENT: At least 12 months and up to 24 months confinement must be added to the above lengths when a deadly weapon was used in the crime

** These offenses are listed here for illustrative purposes only. Offense scores are given in § 303.7.

303.9(b).

In selecting a sentence from the sentence range chart as listed in § 303.9, we note that the court did not assign a score for a prior record. However, in this case, the aggravated minimum range is the same for a prior record score of zero (0) or one (1). Thus, the applicable aggravated minimum range from the chart is twelve to eighteen months

imprisonment (12–18).[5]  The court sentenced appellant, Charles Smith, to a minimum term of five years in prison, which exceeds the sentencing guidelines.  The court did not find that appellant possessed a deadly weapon, and as a result, the sentence could not be enhanced for this reason.[6]

Because the court imposed a sentence outside of the guidelines, we must resort to Section 303.1 which provides:

"(h) In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed.  *In every case where the court imposes a sentence outside the sentencing guidelines the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from this chapter."*  (emphasis added).

In determining whether the court complied with the contemporaneous written statement requirement, we have said that:

5.  If the court considered appellant to have a prior record at all, it would have had to calculate the number of points which were to be assigned in order to arrive at the sentencing range in accordance with Section 303.7.  However, because the record fails to contain any information which would support a prior record score of greater than one, we have given the trial court the benefit of the doubt in our analysis and have assumed that either the court assigned a score of zero or one.  However, because the sentencing range is the same for either score, our remand does not depend upon this factor alone.

6.  Section 303.4 provides:
   (a) When the court determines that the defendant or an accomplice possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence which would otherwise have been imposed.
   (b) There shall be no such enhancement for convictions: under 18 Pa.C.S. § 2702(a)(4) (relating to aggravated assault); of violations of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S. §§ 6101–6120; under 18 Pa.C.S. § 907 (relating to possessing instruments of crime); under 18 Pa.C.S. § 908 (relating to prohibited offensive weapons); or of any other offense for which possession of a deadly weapon is an element of the statutory definition.

"two issues are raised: (1) was the statement of the court made at sentencing in the defendant's presence, and recorded, a 'contemporaneous written statement'; and if so then, (2) is the statement sufficient to meet the requirements of the act. The first issue deals with the meaning of 'contemporaneous written statement', which requirement is mandatory and 'not discretionary.' *Commonwealth v. Love,* 295 Pa.Super. 276, 280, 441 A.2d 1230, 1232 (1982)." *Commonwealth v. Royer,* 328 Pa.Super. 60, at 68, 476 A.2d 453, at 457.

The trial court in sentencing appellant gave his reasons for imposing sentence at the sentencing proceedings, in appellant's presence, which were transcribed and made a part of the official record. Under such circumstances, we have held that "the judge's statement of reasons for the sentence made of record at sentencing in the defendant's presence constituted a 'contemporaneous written statement', within the meaning of the Act." *Id.*

With respect to whether the statements which were made by the trial court at sentencing were sufficient within the meaning of the Act, we have stated that "at the minimum, the court must indicate that it understands the sentencing guideline range, in those cases in which the court deviates from the guidelines." *Id.* Additionally, the court must state that the record must include "at least in a summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range." *Id.*

The only references to the range of permissible sentences were made by appellant's attorney. In discussing the aggravated assault charge, the attorney stated the following:

"I'd like to state that this is a, I believe, a seven on the sentencing guideline under the aggravated assault section, and Mr. Smith is cognizant of what he is doing and regretful for what he did." Sentencing Transcript at 5.

Later in the proceedings, appellant's attorney referred again to the range of sentencing:

"MR. BOYD: Your Honor, at this time, inasmuch as the Court's minimum sentence on the robbery is three and a

half times the maximum of the aggravated circumstances for a guideline score of seven, with no prior record, the Defendant wishes to orally make a motion to modify this sentence, which will be reduced to writing." Sentencing Transcript at 11.

The court responded in the following manner:

"THE COURT: You may do so and I have stated the reasons on the record, and I will place those reasons—again in the guidelines report. And they are basically that the Defendant has a history of assault, that he is before the Court—two assault charges. And that the assault charges stem from a needless, senseless act of assault, which took place after the primary robbery had taken place." Sentencing Transcript at 11–12.

We find that because the "court did not advise the defendant what the sentencing guidelines provided as far as the range of sentence and did not state why he deviated from the sentencing guidelines", we must vacate and remand for resentencing. *Commonwealth v. Royer*, 328 Pa.Super. at 71, 476 A.2d at 458.

This case demonstrates the importance of providing a contemporaneous written statement which indicates the range of sentencing. The appellant's attorney referred at sentencing to an offense gravity score of seven. However, this would have been the correct score if appellant had been sentenced to a felony of the first degree. *See* Section 303.8 of the sentencing guidelines. The trial court stated and the record shows that appellant "pled guilty to a robbery [under 18 Pa.C.S.A. § 3701(a)(1)(iv)], which is a felony of the second degree".[7] Sentencing Transcript at 6. In view of this discrepancy, the record begs for clarification regarding

7. 18 Pa.C.S.A. 3701(b) provides:
   "(b) Grading—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree."
   As a felony of the second degree, the appellant could have been sentenced to a maximum term of not more than ten years imprisonment and fined not more than $25,000. *See* 18 Pa.C.S.A. §§ 1103 and 1101(1).

the possible range of sentences. The record is deficient for this reason and also because the court failed to state why it had deviated from the guidelines.

Case is remanded for resentencing. Jurisdiction is relinquished.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

A remand for resentencing in this case is inappropriate because the sentencing judge's statement of his reasons for imposing five to ten years for robbery and aggravated assault, instead of the 18 months suggested by the Sentencing Code Guideline Chart (204 Pa.Code § 303, reprinted in 42 Pa.C.S. § 9721), was sufficient and does not show an abuse of discretion.

It is my opinion that the Code Guidelines are guidelines, and nothing more. The sentencing judge is not strictly bound to follow them because they were intended to be an advisory tool and not general sentencing law. The sentencing statute allows the judge a broader discretion than a mere mechanical application of the code's guideline chart.

The guiding principle of sentencing, according to the statute, is "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The only limitation on this general principle is the requirement that "where the court imposes a sentence outside the sentencing guidelines ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guideline." *Id.* Thus, the sentencing statute clearly provides that a judge may deviate from the Code Guidelines within his sound exercise of discretion as long as he gives his reasons in writing.

The majority's ground for remand is that while the sentencing judge did state why he imposed five to ten, he failed to relate how he incorporated a consideration of the Code Guidelines into his decision. On the contrary, the judge's consideration of the guidelines is readily apparent. In choosing not to follow the guidelines the judge obviously considered that in light of the defendant's general tendency toward violence the general directive of 9721(b) controlled instead of the guideline chart.

The judge's articulated reasons for imposing a particular sentence should reflect the judge's consideration of the sentencing code, the circumstances of the offense, and the character of the offender. *Commonwealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983). In stating his reasons, the judge took note of the defendant's violent tendencies as evidenced by his juvenile record, military record, and the way he wantonly inflicted harm after he had already completed a robbery. The judge thus concluded that the guideline minimum sentence of eighteen months was inadequate for the protection of the community.

An abuse of discretion standard for sentencing review has traditionally been applied in Pennsylvania in accordance with the statutory mandate set forth in § 9721. A sentencing court must consider any information in the record that bears upon the degree of punishment and must clearly examine the facts and circumstances of the crime and the character and background of the defendant, and in doing so must not overlook pertinent facts, disregard the force of evidence, or commit error of law. *Commonwealth v. Knight,* 479 Pa. 209, 212–213, 387 A.2d 1297, 1299 (1978); *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982). The general principle of the sentencing statute contemplates that it is not an abuse of discretion to impose sentence upon consideration of all the facts, even if this entails deviating from the guidelines. I respectfully dissent from the order to remand for resentencing.