J-S40026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUINCY JONES, | : | |
| | : | |
| Appellant | : | No. 1011 EDA 2016 |

Appeal from the Judgment of Sentence November 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0201121-2004

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E. *

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 29, 2017**

Appellant, Quincy Jones, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas on November 30, 2015, following a prior remand from this Court. With this appeal, Appellant's counsel, Stephen T. O'Hanlon, Esq., has filed a Petition to Withdraw and an **Anders**[1] brief, stating that the appeal is wholly frivolous. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

The procedural history relevant to the instant appeal is as follows. On October 29, 2003, Appellant was incarcerated in the Philadelphia Industrial

---

* Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

Correctional Center awaiting trial on charges that he had murdered his cousin.[2]  Appellant and another inmate, Andre Council, engaged in a "heated verbal exchange."  Trial Court Opinion, filed 12/16/16, at 3.  Later that night, immediately prior to evening lockdown, Appellant entered Council's cell, removed a pen from his waistband, and stabbed Council in the left eye with the pen.  The pen ruptured the globe of Council's eye and lacerated his cornea.  Despite surgery to repair the damage, Council remains blind in his left eye.

Following a bench trial, the Honorable Harold M. Kane convicted Appellant of Aggravated Assault, Recklessly Endangering Another Person, Simple Assault, and Possession of an Instrument of Crime.[3]  On August 31, 2005, Judge Kane sentenced Appellant to 7½ to 15 years of imprisonment for Aggravated Assault, graded as a felony in the second degree, and to no further penalty on the remaining charges.

On September 5, 2006, Appellant filed a *pro se* Petition pursuant to the Post-Conviction Relief Act ("PCRA"), arguing *inter alia*, that trial counsel had failed to file a direct appeal as requested.  On December 12, 2011, appointed counsel filed an amended PCRA Petition.  On February 3, 2012,

---

[2] Appellant was subsequently convicted of third-degree murder for the shooting death of his cousin.

[3] 18 Pa.C.S. §§ 2702(a)(4), 2705, 2701(a)(1), and 907(a), respectively.

following the retirement of Judge Kane, the PCRA Petition was reassigned to the Honorable Denis Cohen.[4]

On July 30, 2013, Judge Cohen reinstated Appellant's appellate rights *nunc pro tunc*, and on July 31, 2013, Appellant filed an appeal to this Court.

On July 8, 2014, this Court vacated Appellant's Judgment of Sentence, noting that a sentence of 7½ to 15 years of imprisonment exceeds the statutory maximum sentence for a second-degree felony. We remanded Appellant's case for a re-sentencing hearing.

On November 30, 2015, after reviewing the Pre-Sentence Investigation Report, Judge Cohen re-sentenced Appellant to 5 to 10 years of incarceration. That same day, Appellant filed a Post-Sentence Motion challenging the discretionary aspects of his sentence. On January 4, 2016, Appellant additionally filed a Motion for Resentencing, averring that he had additional evidence of his "rotten social background" that he wished to present to Judge Cohen. Motion for Resentencing, filed 1/4/16, at 2. On March 31, 2016, Appellant's motions were denied by operation of law.

Appellant filed a timely notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[4] Although Judge Cohen reviewed the Petition in a prompt manner, we note with displeasure the unexplained and inexplicable six-year delay in resolving Appellant's Petition prior to its reassignment to Judge Cohen.

- 3 -

On appeal, Appellant raises a single allegation of error, which we have reworded to reflect that Appellant raises two distinct claims:

1. The resentencing court abused its discretion when it resentenced Appellant because, *inter alia*, the court did not adequately consider Appellant's extremely harsh background.

2. The resentencing court erred by not granting Appellant's Motion for Resentencing to allow him to present details of his extremely harsh background in support of a mitigated sentence.

**See** Appellant's Pa.R.A.P. 1925(b) Statement; **see also** Appellant's Brief at Appendix A.

As Appellant's counsel has filed an **Anders** Brief, we must consider his request to withdraw as counsel prior to reviewing Appellant's claims on the merits. **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel has complied with the mandated procedure for withdrawing as counsel. **See Commonwealth v. Santiago**, 978 A.2d 349, 361 (articulating **Anders** requirements); **Daniels, supra** at 594 (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant has not filed a response.

As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous. **Commonwealth v. Flowers**, 113 A.3d 1246, 1249 (Pa. Super. 2015).

In his first issue, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not

automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first two elements by filing a timely Notice of Appeal, and properly preserving the issue in a Post-Sentence Motion to modify his sentence. Although the ***Anders*** Brief does not include a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"), we may review this issue notwithstanding the absence of a Rule 2119(f) Statement. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing discretionary sentence issue despite absence of Rule 2119(f) Statement in light of ***Anders***, which "requires review of issues otherwise waived on appeal" (citation omitted)). As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, Appellant avers that the trial court failed to adequately consider his "extremely harsh background" as a mitigating factor before imposing the statutory maximum sentence. Appellant's Pa.R.A.P. 1925(b) Statement; *see also* Appellant's Brief at Appendix A.

An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). *See also Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Moreover, we note that Appellant does not allege that his 5 to 10 year sentence is outside the statutory maximum sentence. Neither does Appellant point to any specific provision of the Sentencing Code that the

sentencing court ostensibly violated. Appellant's bald assertion that his sentence is excessive does not raise a substantial question. ***See Commonwealth v. Trippett***, 932 A.2d 188, 201-03 (Pa. Super. 2007) (bald allegations of excessiveness insufficient to permit discretionary review).

In his second issue, Appellant avers that the trial court erred in not granting his Motion for Resentencing. Specifically, Appellant avers that, because he only appeared via teleconference, he was unable to allocute fully about his "rotten social background of sexual abuse and drug addiction as well [as his] recent rehabilitation." Motion for Resentencing at 2. ***See also*** Appellant's Pa.R.A.P. 1925(b) Statement; Appellant's Brief at Appendix A.

We review a sentencing court's denial of a request for resentencing for an abuse of discretion. ***Commonwealth v. Burtner***, 453 A.2d 10, 12 (Pa. Super. 1982).

> The purpose of a petition for reconsideration of sentence is to afford the sentencing court an opportunity, prior to appellate review, to correct any errors that may have occurred at sentencing. A modification of sentence hearing is only necessary if the sentencing record discloses errors by the trial court. Should the modification petition fail to raise such errors, then the trial court is under no obligation to hold an obviously frivolous hearing or write an unnecessary opinion supporting its denial of the modification petition. It is within the trial court's discretion to rely upon the sentencing record.
>
> We do not hold that a sentencing judge cannot receive additional evidence in response to an application to modify sentence. However, the court is not required to afford the defendant a second opportunity to present evidence not related to any alleged error occurring at a prior proceeding. Where the

- 7 -

sentencing procedure has been properly conducted, it is within the court's discretion whether to receive additional evidence or rely on the sentencing record.

*Id.* (internal citations and quotation marks omitted).

In the instant case, Appellant avers that his appearance at the resentencing, via teleconference, prevented him from "consult[ing] with counsel on an on-going basis" and from providing a full allocution on his "rotten social background" and "recent rehabilitation." Motion for Resentencing, filed 1/4/16, at 2. However, by his own admission, Appellant "previously wrote to the [resentencing court]" recounting these same mitigating factors. *Id.* Moreover, as the resentencing court notes, Appellant did address his recent rehabilitation during his allocution. Trial Court Opinion at 4. Finally, the trial court carefully considered the contents of Appellant's Pre-Sentence Investigation prior to sentencing Appellant, "including mitigating factors." *Id.* at 5. We, therefore, conclude that the trial court did not err in denying Appellant's Motion for Resentencing where Appellant sought only to supplement the record with his oral recitation of mitigating evidence that the resentencing court had previously received and considered.

Accordingly, we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence and the resentencing court did not err in denying his Motion for Resentencing. We agree with counsel that these claims are wholly frivolous. Finally, our

independent review of the record reveals no additional non-frivolous claims. We therefore grant counsel's Petition to Withdraw and affirm the November 30, 2015 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017