J-S62004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA EVANS | : | |
| | : | |
| Appellant | : | No. 974 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 18, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0016493-2008

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED FEBRUARY 19, 2020**

Joshua Evans appeals from the judgment of sentence following the denial of his *nunc pro tunc* motion for reconsideration of sentence.[1] Specifically, Evans challenges the purported denial of his request for an evaluation by a court-appointed psychiatrist or psychologist to support his motion for a reduction of his sentence, which he maintains is excessive. We affirm.

This case and its related predecessor have a convoluted procedural history. *See* N.T. PCRA Hearing, 5/16/18, at 12, 14. We derive the facts of

---

[1] We note that this Court, *per curiam*, discharged its rule to show cause for apparent untimeliness and, in the interest of judicial economy, directed this appeal to proceed, after the trial court's grant of motion to reinstate appellate rights *nunc pro tunc*. *See* Order, 8/07/18. Accordingly, we deem Evans' notice of appeal to be timely filed.

this case, and the case that underlies it, from the trial court opinion and our independent review of the record before us.

In the underlying case, Evans was convicted after a bench trial of two counts of aggravated assault and related charges for shootings which occurred in an attempted robbery.[2] Notably for this appeal, while in prison awaiting trial on the original charges, Evans attempted to have members of his gang kill the robbery victim, Andre Ripley, and Ebony McWright, the young mother of the

_____

[2] In the underlying case, on May 24, 2007, around 9:00 p.m., in the playground of Ferguson Park, Wilkinsburg, Pennsylvania, (bordering the East side of Pittsburgh), Evans shot the adult victim, Andre Ripley, three times, because he would not give up his watch. A three month-old infant, asleep in her nearby stroller, was also shot three times. *See Commonwealth v. Evans*, No. 671 WDA 2013, 2014 WL 10979714, at *2 (Pa. Super. filed March 3, 2014) (unpublished memorandum). Both Ripley and the mother of the infant victim identified Evans from photo arrays. Evans, born on November 27, 1989, was seventeen at the time of the original crimes. At trial, Evans testified on his own behalf, claiming self-defense

On April 2, 2009, after a non-jury trial, the Honorable Anthony Mariani convicted Evans of two counts of aggravated assault, two counts of recklessly endangering another person (REAP) and possessing a firearm without a license (VUFA). On June 22, 2009, the court imposed an aggregate term of not less than eleven nor more than twenty-two years of imprisonment in a state correctional institution, followed by a consecutive term of fifteen years' probation. *See id.* at 2.

This Court affirmed Evans' judgment of sentence on December 11, 2011. Our Supreme Court denied his petition for allowance of appeal on May 23, 2012. *See Commonwealth v. Evans*, 50 A.3d 125 (Pa. 2012) (*per curiam*). Despite his conviction, Evans continued to maintain that he shot in self-defense.

wounded infant, before they could testify.[3] Evans made phone calls from prison to his mother, sister, and girlfriend, which he used to contact members of his gang, including Duwayne Dixon. Dixon, also known as "Bear," actually shot Ripley, the adult victim.

The phone calls from prison were recorded. About eighty hours of his recorded telephone conversations were subpoenaed. Excerpts from the tape recordings confirmed the conspiracy, sometimes attempting to use coded language. Although "Bear" Dixon shot the adult victim (this time in the head), Ripley survived.[4] When Evans found out Ripley had not been killed he ordered that he be shot again. At the time of this second group of offenses, Evans had reached the age of eighteen.

On October 3, 2011, Evans entered a counseled guilty plea to conspiracy to commit homicide, criminal attempt to commit homicide, criminal solicitation to commit homicide, intimidation of a witness and retaliation against a witness, before the Honorable Joseph K. Williams, III. On December 15, 2011, Judge Williams sentenced Evans to three consecutive sentences of not less

---

[3] Evans was the leader of the "Jay Town Crew" gang. **See** N.T. PCRA Hearing/Sentencing, 4/9/14 at 81. It bears noting that McWright was a lifelong acquaintance of Evans through his brother.

[4] Nevertheless, the record reveals that the victim was unable to work after he was shot, and had to be relocated to an undisclosed location outside of the Commonwealth for his safety. **See** N.T. Sentencing, 12/15/11, at 21-24. The victim was blinded for at least two to three months. It is not clear from the record whether his blindness ended after that or is continuing.

than five nor more than ten years of incarceration for an aggregate term of not less than fifteen nor more than thirty years' incarceration. *See* N.T. Sentencing, 12/15/11, at 35.

Notably, on inquiry by the prosecutor, the trial court confirmed that the sentences in this case were not concurrent with the previous sentence:

> MR. [RUSSELL K.] BROMAN [Prosecutor]: Just one thing. Is the five to ten years consecutive to Judge Mariani's 11 to 22 years?
>
> THE COURT: Anything I sentenced today is independent of what Judge Mariani did.
>
> MR. BROMAN: Thank you, sir.

*Id.*

Evans did not timely seek post-sentence relief. Nor did he file a direct appeal. However, on October 29, 2012, Evans filed a *pro se* petition for relief under the Post Conviction Relief Act, claiming, *inter alia*, that trial counsel promised, but did not file, a post-sentence motion for reconsideration of sentence.[5] On October 31, 2012, the PCRA court appointed counsel, who, after several extensions, filed an amended PCRA petition. He continues to represent Evans.

In May of 2013, the PCRA court, based on the amended petition, permitted Evans to file a post-sentence motion *nunc pro tunc*. Evans filed a

_____

[5] 42 Pa.C.S.A. §§ 9541–9546 ("PCRA").

- 4 -

counseled motion for reconsideration of sentence, questioning, in part, whether the fifteen to thirty year aggregate sentence was consecutive to, or concurrent with, the eleven to twenty-two year sentence imposed in the previous case. *See* Motion for Reconsideration of Sentence. 8/1/13.

The trial court granted the motion. It scheduled a hearing for reconsideration of sentence on April 9, 2014.[6] After various delays and complications (for reasons not at issue in this appeal), on March 2, 2017, the trial court filed an order confirming that the sentences in the instant witness assassination case were intended to be consecutive to Judge Mariani's original sentence for the underlying offenses. *See* Order, 3/2/17. In the same order, the trial court, construing Evans's supplemental memorandum in support of mitigation of sentence (asking for a partially concurrent sentence) as a motion for reduction of sentence, denied it. *See id.*

In August of 2017, Evans's counsel filed a motion to withdraw (as requested by Evans), and for a hearing in accordance with ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), to ensure that Evans' waiver of counsel was knowing, voluntary and intelligent. *See* Motion to Withdraw as Counsel and Schedule ***Grazier*** Hearing, 8/16/17.

---

[6] The trial court concedes that the transcript of the sentencing hearing was inappropriately captioned as a PCRA hearing. *See* Trial Court Opinion, 6/19/19, at 3 n.3.

While this motion was pending, and Evans was still represented by current appointed counsel, he filed another *pro se* PCRA petition, on January 30, 2018, alleging constitutional error, ineffective assistance of counsel, and lack of jurisdiction. **See** PCRA Petition, 1/30/18.

After a hearing on May 16, 2018, the court reaffirmed its order of March 2, 2017, (which confirmed that the sentence in this case was consecutive to the sentence imposed by Judge Mariani for the original convictions). **See** Order 5/18/18. The court designated its decision a "final order" as to the consecutive/concurrent issue. **Id.**[7] In addition to disposing of the

_____

[7] We note for clarity and completeness that, in an apparent scrivener's error, the order of May 18, 2018, which is the primary subject of this appeal, provides that the sentence at issue "was **not** to run consecutive to any other sentence." Order, 5/18/18 (emphasis added). Viewed in the context of the entire record, however, this conclusion is plainly incorrect. As already noted, the trial court expressly indicated on the record that the sentence imposed in this case was independent and **consecutive** to the sentence imposed by Judge Mariani. **See** N.T. Sentencing, 12/15/11, at 36; **see also** Order of Sentence, 12/15/11; ("[I]t was this [c]ourt's intent to make the sentence consecutive [to the sentence in the underlying case before Judge Mariani].").

Furthermore, despite expressions of doubt not supported by the record, all the other references in the record consistently conclude that all sentences **were** intended to be consecutive to each other. **See**, **e.g.**, Order, 3/02/17 ("the [trial c]ourt has reviewed the pertinent transcripts to ascertain its intent about this sentence being consecutive or concurrent to Judge Mariani's sentence. While unspoken at the time, it was [the trial c]ourt's intent to make the sentence consecutive.").

Moreover, we note that had the order actually prohibited consecutive sentences, an appeal would have been unnecessary, because concurrent sentencing was the relief requested. **See e.g.**, "Motion for Reconsideration of Sentence," 8/01/13; Sentencing Memorandum on Behalf of Joshua Evans,

concurrent/consecutive sentence issue, and noting a right to appeal within thirty days, the order denied Evans' petition to represent himself.[8] It directed appointed (current) counsel to continue representation. The court also directed counsel to file an amended PCRA petition or a no-merit letter by July 30, 201[8].[9] Counsel did not file either. Instead, this counseled appeal followed. Both Evans and the trial court complied with Pa.R.A.P. 1925.

Evans originally presented four separate issues to the trial court in his statement of errors. **See** Defendant's Amended Concise Statement of Errors Raised on Appeal, 8/03/18. However, on appeal, he has refined his claim in the Statement of Question Involved to a single issue. **See id.** at 1.[10]

---

[treated by the trial court as a motion for reduced sentence], 4/07/11, at 4. Appellant and his counsel plainly understood this, and presented their arguments **against** the imposition of consecutive sentences. **See e.g.**, Appellant's Brief, at 2, and **id.** at n.1.

[8] Among other problems, Evans repeatedly claimed on the record in open court to be Jesus Christ. **See e.g.**, N.T. Hearing, 5/16/18, at 23-24. He also claimed to have no mental health issues because the angels spoke to him. **See id.** at 8.

[9] It appears that there may have been a failure to serve Evans' counsel with the order of May 18. As a result, Evans' first notice of appeal was filed on July 6, 2018, approximately eighteen days late. However, consistent with our *per curiam* order we give Evans the benefit of the doubt and deem this appeal as timely. **See** Order, 8/07/18; **see also** n.1 **supra**. In any event, Evans filed a second "amended" notice of appeal, on August 13, 2018, after the trial court filed an additional order.

[10] In the argument section of the brief, Evans suggests other issues, including mental state, immaturity, remorse, and rehabilitation. **See e.g.**, Appellant's

Evans presents this one question for our review:

> Whether the court abused its discretion in not providing a court-appointed expert evaluation to aid the court at re-sentencing?

Appellant's Brief, at 1 (unnecessary capitalization omitted).

Evans also asserts the sentencing court failed to impose a sentence. *See id.* at 10. We disagree. He asks this Court to remand for re-sentencing with a directive to the sentencing court to order a psychological evaluation. *See id.* Evans' claims are waived and would not merit relief.

Our standard of review, as it relates to the appointment of a defense expert in a criminal matter, is well settled:

> The provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion.

---

Brief, at 9-10. However, in addition to omitting them from the statement of questions involved, he fails to develop an argument for the issues, or to support them with anything more than cursory citation to purportedly pertinent authority. Notably, Evans' brief cites to ***Commonwealth v. Lee***, 206 A.3d 1, 11 (*en banc*) (Pa. Super. 2019), *appeal denied*, 218 A.3d 851 (Pa. 2019) (holding that trial court properly concluded petition was untimely and declining to extend ***Miller v. Alabama***, 567 U.S. 460, 483 (2012) to non-juvenile offenders) without acknowledging that it expressly rejected his argument. ***See*** Appellant's Brief, at 9-10. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006). Accordingly, we deem all other issues waived.

***Commonwealth v. Cannon***, 954 A.2d 1222, 1226 (Pa. Super. 2008) (citations omitted).

At the outset, it is necessary to clarify that Evans' claim of trial court failure to impose a sentence is factually incorrect and materially misleading. The court did not fail to sentence Evans. More accurately, the sentencing court declined Evans' request to **reduce** his sentence on reconsideration.

As aptly noted by the Commonwealth, we review a sentencing claim under an abuse of discretion standard. (***See*** Commonwealth's Brief, at 20 (citing ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa. Super. 2014)).

The ***Seagraves*** Court further explained: "When, as here, the trial court has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." ***Id.*** (citation omitted).

For our review, we note that the sentencing court had the benefit of the Presentence Investigation Report (PSI) not only for this case, but for the preceding case before Judge Mariani as well. ***See*** N.T. Sentencing, 12/15/11, at 2-3. Judge Mariani's PSI included psychological evaluations. ***See id.*** at 7.

Moreover, once the trial judge had agreed in principle to grant an order for a psychological evaluation, as Judge Williams did here, we have no difficulty in finding that it was defense counsel's duty to follow up.

If no order from the court appeared in a reasonable time, both prudence and practicality would dictate that defense counsel should have made inquiry with the Judge or his chambers. Even if the Judge was not inclined to generate an order himself, there was nothing to prevent counsel from presenting a draft order for the judge to use (as counsel had in fact done repeatedly throughout this litigation). Evans' counsel offers no authority to relieve him of this duty or to allocate the responsibility to the trial court judge.

To the contrary, Evans' counsel claims to have provided an order to the trial court for the relief requested. *See* Appellant's Brief, at 5, (quoting Supplemental Memorandum in Support of Mitigation, 1/17/17, at ¶5). However, on independent review, it is apparent that counsel only included a proposed order on another issue, specifically, that "this sentence shall run concurrent to the sentence imposed at No. CC200708840 [the sentence in Judge Mariani's case]." *Id.* Counsel added, "In all other respects, the sentence shall remain the same." *Id.*

Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Furthermore,

> Rule 2117(c) (statement of place of raising or preservation of issues) and Rule 2119(e) (statement of place of raising or preservation of issues) require that the brief expressly set forth in both the statement of the case and in the argument reference to the place in the record where the issue presented for decision on appeal has been raised or preserved below.

*Id. Note*.

- 10 -

In this appeal, Evans has failed to comply with Rule 302. The trial court explains that the supplemental memorandum mentions an order only in passing, and the proposed order for a concurrent sentence omits any request for the proposed relief now requested. **See** Trial Court Opinion, 6/19/19, at 5.

Our independent review of the record confirms the trial court's analysis. Evans offers no authority to support the contention that the trial court had the burden to produce an order once it agreed to an evaluation, nor to establish that the supposed duty of a trial court to generate a follow-up order on its own constitutes an appealable issue. Evans' issue is waived and would not merit relief.

Next, for clarity and completeness, we confirm that none of Evans' other waived issues would merit relief either.

Despite the repeated claims of ambiguity, the issue of consecutive versus concurrent sentencing lacks any support in the record, and is accordingly frivolous. As already noted, Judge Williams, notwithstanding apparent later openness to reassessment, expressly confirmed **at the original sentencing** that his sentence was consecutive to the sentence imposed by Judge Mariani. **See** N.T. Sentencing, 12/15/11, at 36. With the sole exception previously noted, the trial court's subsequent rulings on consecutive sentences were all consistent as well.

Additionally, Evans' complaint that his sentence was excessive when added to the sentence received from Judge Mariani is totally without merit.

*See* Appellant's Brief at 2, n.1. Evans's conviction for aggravated assault is related to, but entirely independent of, his later guilty plea to plotting to assassinate his victims before they could testify. Appellant is not entitled to a "volume discount." *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

Reconsideration based on Evans' claim of rehabilitation was solely within the trial court's discretion. *See Seagraves*, 103 A.3d at 842. Additionally,

> The purpose of a motion for reconsideration or modification of sentence is to afford the sentencing court the opportunity to correct any errors that may have occurred at sentencing prior to appellate review. *Commonwealth v. Burtner*, 307 Pa. Super. 230, 453 A.2d 10, 12 (1982); *see also* Pa.R.Crim.P. 720 Comment ("As a general rule, the motion to modify sentence . . . gives the sentencing judge the earliest opportunity to modify the sentence."). A sentencing court has the authority to receive additional evidence upon a motion for reconsideration, but the court "is not required to afford the defendant a second opportunity to present evidence not related to any alleged error occurring at a prior proceeding." *Burtner*, 453 A.2d at 12. "Where the sentencing procedure has been properly conducted, it is within the court's discretion whether to receive additional evidence or rely on the sentencing record." *Id.*

*Commonwealth v. Lekka*, 210 A.3d 343, 354 (Pa. Super. 2019).

In this case, the sentencing court perceived no more than "small gains in [Evans'] maturity since his original sentence was imposed." Trial Court Opinion, 6/19/19, at 8. The record supports the court's evaluation. We discern no basis to disturb it.

Evans's mere bald assertion that the sentencing court "did not factor Appellant's youth or immaturity into the sentence" is unsupported and lacks

merit. Appellant's Brief, at 6. The trial court expressly confirmed that it considered Evans' age at the time of the events at issue. **See** Trial Court Opinion, 6/19/19, at 8. Furthermore, as already noted, where the sentencing court "has the benefit of a pre-sentence report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Seagraves**, 103 A.3d at 842. Appellant's claims are waived and would not merit relief.

The trial court committed no abuse of discretion. Evans's claims are waived. They would not merit relief.

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Kunselman concurs in the result.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2020