550 A.2d 207

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Samuel Blair HAINSEY, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1988.

Filed Sept. 21, 1988.

Reargument Denied Nov. 18, 1988.

378

J. Randall Miller, Assistant Public Defender, Hollidaysburg, for appellant.

Keith A. Pesto, Assistant District Attorney, Hollidaysburg, for Com., appellee.

Before CAVANAUGH, ROWLEY and KELLY, JJ.

CAVANAUGH, Judge:

The issues on appeal relate to the claimed excessiveness of sentence and alleged defective sentencing procedures in the imposition of sentences of imprisonment imposed upon Samuel Blair Hainsey and his wife, Sandra Lee Hainsey.

On August 11, 1987, appellant Samuel Blair Hainsey, was sentenced to a period of forty-eight hours to six months imprisonment and fined on a conviction of driving under the influence. On the same date, Hainsey was sentenced to a period of nine months to thirty-six months imprisonment for

multiple charges of poolselling and bookmaking and a conspiracy charge. The latter sentence also included a fine and an order of restitution to the Pennsylvania State Police.

We first address the appellant's claim that the sentences of incarceration on the poolselling and bookmaking charges are excessive and we note that there is a companion appeal raising similar arguments filed on behalf of appellant's wife, Sandra Lee Hainsey, who on the same day was given a sentence of three to twenty-three and one-half months imprisonment on identical poolselling, bookmaking and conspiracy charges. Our discussion relates to both cases.

■ It is well settled that the appellate scope of review is severely limited when considering a bare claim of excessiveness of sentence. Our system of sentencing necessitates that we grant broad discretion to the trial judge and our appellate courts have traditionally left sentences undisturbed on appeal because of the view that the sentencing court is in a far better position to weigh the factors involved in sentencing determinations. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Thus, an appellate court will not find an abuse of discretion, provided that the sentence imposed is not so manifestly excessive as to inflict too severe a punishment. *Commonwealth v. Ziomek*, 291 Pa.Super. 251, 435 A.2d 894 (1981). See also *Commonwealth v. Burtner*, 307 Pa.Super. 230, 453 A.2d 10 (1982); *Commonwealth v. Wrona*, 442 Pa. 201, 275 A.2d 78 (1981); *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972).

So charged, we examine the background which led to the sentences, initially as to the poolselling and bookmaking charges. The Hainseys were charged with nineteen counts of poolselling and bookmaking, 18 Pa.C.S.A. § 5514, and one count of criminal conspiracy, 18 Pa.C.S.A. § 903, following their arrest in June of 1986. In March of 1987, they entered pleas of guilty before the Honorable David E. Grine, sitting as a visiting judge in Blair County. After the conduct of a presentence investigation report, the appellants were sentenced in August of 1987 as previously stat-

ed. Except for modification of a restitution order, their motions for reconsideration were denied and this appeal followed.

The nineteen offenses resulted from an investigation by the Pennsylvania State Police and consisted of contacts by a confidential informant using consensual telephone calls in the presence of a state policeman and using consensual wire equipment in the case of personal meetings. The personal contact was at the location of a tavern owned by the Hainseys known as the Double "S" in Juniata, Pennsylvania. During the course of these contacts by phone and in person with either appellant, the informant was given the "betting line" on college football and professional football games each weekend during the 1985 football season. The informant bet on both college and professional games· each week. (These successive transactions constituted the basis for the nineteen charges.) After the weekend, the informant would stop by the Double "S" Bar and settle his betting account for the previous weekend. Sometimes the informant won, more often he lost, with the result, says the Commonwealth, that the Hainseys netted $824.00 from this series of wagers.

Samuel Hainsey, age fifty, in addition to his ownership of the Double "S" Bar, is employed by Conrail as an engineer at a salary of approximately $42,000.00 a year. Sandra, age forty-four, retired in 1985 after thirteen years with the Commonwealth of Pennsylvania. Between them they have five children including a youngster of thirteen. Sandra had no criminal record and Samuel had only a driving under the influence conviction which will be discussed later in this opinion.

■ Underpinning appellant's argument on appeal is a supplication to heed the contradiction in the fact that the iniquity made illicit by the Commonwealth's poolselling and bookmaking laws, is precisely the kind of business which is conducted by the Commonwealth in its Pennsylvania Lottery which is championed throughout the Commonwealth in extravagant and persuasive ads aimed at every segment of

our society; that the Commonwealth has licensed wagering at race tracks in Pennsylvania; and that people from every strata of society engage in formal and informal bets on college and professional football games, facilitated by point spreads published by the print media throughout the state. Compared to this, say the Hainseys, their betting operation was but a "Mom and Pop" enterprise furnished to accommodate the sporting aspirations of a small group of their acquaintences. As to this last contention, there is nothing in the record including the presentence reports to suggest or prove otherwise. Certainly the trial court has not stated otherwise and, of course, we must assume that the court was aware that sentencing may not be based on facts or factors not of record nor disclosed to the defendants. One can argue with some reason the unseemliness of the Hainsey's incarceration in the Blair County Prison for engaging in a wagering enterprise whilst the Commonwealth and its licensees trade millions of dollars in gambling endeavors which have placed organized wagering on an altar of respectability said to provide for the recreational and aspirational needs of the citizenry. Of course private and unregulated wagering upon which the present charges were grounded may create risks and opportunities inconsistent with the public weal. This is a legitimate concern but, counter the Hainseys, though we now admit that we have transgressed the law and learned our lesson, our sentence reflects an unfair judgment not of our folly, but rather that our conduct was sinister and corrupt. However, the appellants have freely chosen to plead guilty to a crime enacted as a legitimate exercise of legislative authority; the investigation and prosecution was pursued, unquestionably with an unusually sustained vigor, but nonetheless within the framework prosecutor's delegated authority as a member of the executive branch of government and the trial court, as appellants must concede, acted within the bounds of its legal sentencing authority. Under these circumstances and considering our limited role in passing on the excessiveness of sentences, we cannot substitute our judgment for the

tripartite governmental actions which have led to the appellant's sentences on the basis of excessiveness.

More specifically, appellants argue that the sentencing court must, under Pennsylvania law, state on the record the reasons for the sentence imposed, and that the present sentencing was defective in this regard. It is of course true that since *Commonwealth v. Riggins, supra,* it has been the law that a sentencing court must state on the record the reasons for the sentence imposed. The court must state its reasons in order to reflect that he has considered the provisions of the Sentencing Code, the circumstances of the offense and the character of the offender. *Commonwealth v. Riggins, supra; Commonwealth v. White,* 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. DiVincenzo* 362 Pa.Super. 27, 523 A.2d 758 (1987). It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines, 42 Pa.C.S.A. § 9721–9726. *Commonwealth v. Riggins,* 474 Pa. 115, 134–135, 377 A.2d 140 (1985). Instantly no argument is made by appellants that the sentences deviated from the sentencing guidelines. We must further find that the court's sentencing statement sufficiently demonstrated consideration of the factors to be considered in selecting sentencing alternatives. Thus, the court stated in sentencing Samuel Hainsey:

It is my duty to state the reasons for imposing my sentence. The sentence imposed should call for a minimum amount of confinement consistent with protection of the public, gravity of the offense and the rehabilitative needs of the Defendant. I've considered the pre-sentence report and incorporate the same into the record as part of the reason for my sentence in your case. I've considered statements made by your counsel and circumstances of the offense and the number of counts, your education, character, background and other circumstances surrounding this. I've considered probation and rejected the same because I believe you did not act under any strong provocation and no grounds pending to excuse or justify

your conduct. And it's not likely that you would respond affirmatively to probationary treatment. I've chosen total confinement as I believe a lesser sentence would seriously depreciate the nature of the crime.

Our cases have made it clear that the sentencing court need not specifically cite or include the language of the Sentencing Code so long as it demonstrates that the factors specified in the Code have been considered. *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982); *Commonwealth v. DeLuca,* 275 Pa.Super. 176, 418 A.2d 669 (1980); *Commonwealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983). The sufficiency of this statement is made clear by the recent Supreme Court opinion in *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12, (1988) which in sum prohibits our disturbing sentences where it appears that the court has been fully informed by the presentence report.

■■■ Appellants also argue that the sentences are excessive in that they, when measured against sentences in comparable gambling cases in Blair County, are substantially and disproportionately harsher. The comparative sentences include a sentence by the present sentencing judge imposed on the same day that appellant's petition for modification of sentence was denied. These sentences (except the one given by Judge Grine) were brought to the attention of the sentencing judge on the petition for modification. Suffice it to say that the sentences cited do support the appellant's argument in that, even recognizing the variances that exist among the cases, none of the others involved a direct sentence of incarceration, save the other gambling sentence given by Judge Grine, and that involved a sentence of 30 days minimum. In its opinion in support of refusing to modify the sentences, the court stated in response to the disparity argument that as a sentencing judge he was not bound by sentences given by other judges. Cases which have required a statement by the sentencing judge to explain disparity with other sentences are cases which relate to co-defendants where individuals are sentenced for

crimes arising out of the same circumstances. See *Commonwealth v. Sinwell*, 311 Pa.Super. 419, 457 A.2d 957 (1983); *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987); *Commonwealth v. Thurmond*, 257 Pa.Super. 464, 390 A.2d 1330 (1978). There is no requirement that the court explain disparity of sentences in the same jurisdiction. Obviously the number of such cases and the unlimited variables would make such a practice impractical and unwise. The sentencing guidelines, about which appellants raise no complaint here, are designed to minimize disparity of sentences among defendants who are similarly situated. In fact, an attempt to employ a county-wide sentencing standard for particular crimes without reference to the defendants individual backgrounds and characteristics, relative culpability or prospects for rehabilitation was specifically condemned by our Supreme Court in *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

Thus, it would appear that the sentences are not excessive given the framework from which excessiveness must be viewed under our law; the court made the sufficient allusion to the Sentencing Code and the appropriate factors to be considered including the presentence report; and comparison with sentences to other defendants is of no avail.

However, closer scrutiny leads us to conclude that the sentencing record deserves comment. Examination of the court's statement of reasons for the sentences reveals that they are substantially identical being just short of verbatim recitations of the same statement. The statement of reasons at Mr. Hainsey's sentencing is:

It is my duty to state the reasons for sentences. The sentence imposed should call for a minimum amount of confinement consistent with the protection of the public, gravity of the offense and the rehabilitative needs of the Defendant. I considered your pre-sentence report and incorporate the same into the record as part of the reason for my sentence in your case. I considered statements made by your counsel, your education, character, back-

ground and the circumstances surrounding this case. I considered probation and rejected the same because I believe you did not act under any strong provocation nor are there any grounds tending to excuse or justify your conduct. I've chosen total confinement as I believe a lesser sentence would seriously depreciate the nature and the number of crimes committed in this case.

As previously stated, our cases have not required that the statement of reasons for sentences as required by *Riggins* be highly detailed, but must simply reflect that the court had a degree of awareness of the sentencing considerations. *Commonwealth v. Devers, supra.* Still, it would seem that the goals of individualized consideration are defeated when the court chooses to make a recitation of reasons for sentencing and it becomes a mere formula which once on the record mechanically deflects appellate review. As an example, the court stated that probation was rejected because the appellants "did not act under any strong provocation" and there were no "grounds tending to excuse or justify the appellants conduct". Of the twelve statutory considerations which should be accorded weight in favor of an order of probation, the two which the court articulated were those which by their nature would be least applicable to the crimes of poolselling and bookmaking while others unmentioned would be of great relevance. 42 Pa.C.S.A. § 9722 provides:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim or his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

■ Moreover, returning to our discussion concerning disparity of sentence we have here (although both appellants claim that their sentences are excessive) a substantial difference in the sentences between co-defendants with no explanation by the trial court for the disparity. While this defect does not point to the relief which appellants seek, it does serve to illustrate that where a judge chooses to make a statement for reasons for sentence which is in formulistic compliance with *Riggins* and *Devers,* the offered rationale is effectively placed beyond judicial review. Nevertheless, we find that the court has met the requirements of *Riggins* and *Devers.*

There is a separate issue with respect to the appeal of Samuel Hainsey. At the time of his sentencing on the poolselling and bookmaking charges, he was given an additional sentence as follows:

NOW, this 11th day of August, 1987, the sentence of this Court for the charge of Driving Under the Influence of Alcohol at C.A. No. 333 of 1983 is that you pay for the use of the Court of Blair the sum of Three Hundred Dollars ($300.00), that fines and costs be paid in accord-

ance with a contract in which a payment schedule will be established by the Blair County Department of Costs and Fines, that your operator's license be suspended for a period of one (1) year, that you undergo an alcohol safe driving course, that you undergo imprisonment in the Blair County prison for a period of not less than forty-eight (48) hours nor more than six (6) months, credit to be given for any time previously served on this sentence.

■ This sentence related to a conviction for driving under the influence before another judge four years previously. The record concerning the conviction is somewhat ambiguous, but, in any event, post-trial motions were filed but never disposed of. The present sentencing records discloses that Judge Grine believed that there was an appeal pending in the appellate courts, but decided to impose the sentence and defer its execution until the appeal was returned from the appellate court. Since there were undecided post-verdict motions, the sentencing on the driving under the influence charges was premature. Post-verdict motions must be decided before sentencing and an appeal lies only from a judgment of sentence. Pa.R.Crim.P. 1123; 42 Pa.C.S.A. § 102, 742. In addition, there is nothing in the record to explain why the sentence could not be given by the judge who presided at the trial as required by the law except under extraordinary circumstances. Pa.R.Crim.P. 1401. Finally, even if there was an appeal pending in our court at the time of the sentence, the court was without power to impose sentence. Pa.R.A.P. 1701. The sentence imposed for the 1983 conviction for DUI must be vacated. The fact that the prior charges were unresolved at the trial level is important since under those circumstances it should not have been treated as a final conviction in considering the gambling offense.

■ As part of each sentence, the court ordered restitution in the amount of $1,328.00 [1] to the Pennsylvania State Police. In its opinion dated December 15, 1987, following

1. The original sentencing order for Sandra states $3,128.00. We assume this is in error.

the petition for modification of sentence the court explained that only a total of $1,328.00 in restitution was intended giving the Commonwealth the option of obtaining the total amount from either defendant "and allowing the paying defendant to look to the non-paying defendant to recoup his share." However, previously on September 18, 1987 the court had modified the restitution order and reduced it to a sentence of restitution of $664.00 in each case. Be that as it may, appellants challenge the order of restitution. In *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986) a majority of our court en banc held that money paid by undercover agents for the purchase of drugs could be recouped as restitution since the Commonwealth qualified as a "victim" under the restitution statute.[2] However, our Supreme Court granted a petition for allowance of appeal in *Mourar* and on December 4, 1987 the Supreme Court vacated the order of the Superior Court and remanded to this court for further proceedings in light of *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). *Commonwealth v. Mourar*, 517 Pa. 83, 534 A.2d 1050 (1987). While *Mourar* is therefore a case of at least weakened authority, appellant makes the further argument that under the statute providing for restitution, 18 Pa.C.S.A. § 1106, there is no evidence that appellants have improperly stolen, converted, or unlawfully obtained property belonging to the Pennsylvania State Police. In addition, there is no evidence as to how the sum was calculated—what composed the "loss" suffered by the state police, how the defendant's actions caused the injury and that they will be able to pay for it.[3] Our court has held with respect to an order of restitution that:

> Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record. See *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140

2. In a persuasive dissent Judge Johnson argued that under the statute there was no proof that the "property" was stolen, converted, or otherwise unlawfully obtained. 18 Pa.C.S. § 1106(a).

3. In addition, Samuel was fined $5,000. and Sandra $2,000.

(1977); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). Among the things the sentencing court must consider on the record are: the extent of the injury suffered, see 18 Pa.C.S. § 1106(c)(1); the fact that the defendant's action caused the injury and that he will be able to pay for it, see *State v. Harris, supra* [70 N.J. 586, 363 A.2d 32 (1976)]; and the type of payment—lump sum or installment—that will best serve the needs of the victim and the capabilities of the defendant. See 18 Pa.C.S. § 1106(c)(1).

*Commonwealth v. Fuqua*, 267 Pa.Super. 504, 510, 407 A.2d 24 (1979). Accord: *Commonwealth v. Erb*, 286 Pa.Super. 65, 428 A.2d 574 (1981); *Commonwealth v. Valent*, 317 Pa.Super. 145, 463 A.2d 1127 (1983); *Commonwealth v. Kioske*, 337 Pa.Super. 593, 487 A.2d 420 (1985). Since the sentencing court failed to follow these mandates the sentence of restitution must be vacated in order to demonstrate the computation of the loss and the extent of injury suffered by the victim as well as the other requirements of *Fuqua*. In addition, since the court improperly sentenced on the DUI case, it is likely that the court considered Mr. Hainsey's record in an inaccurate posture.

Although it is not an issue raised by the parties to this appeal, since a resentencing is required one other aspect of the sentence must be discussed. In the sentencing order as to each appellant the court provides that defendant shall be available for work release during any incarceration. Since this is obviously a sentence of partial confinement under 42 Pa.C.S.A. § 9724 such a sentence requires compliance with 42 Pa.C.S.A. 9755(a) which requires that certain determinations be made at the time of sentencing as well as other considerations which might affect the structure of the sentence of partial confinement. See 42 Pa.C.S.A. 9755(a) to (f).

For the reasons stated, we vacate the judgment of sentence of Samuel B. Hainsey on August 11, 1987, as modified by the order of September 18, 1987 and remand for resentencing consistent with this opinion. A separate order of

the same import will be entered in the case of Sandra Hainsey.

Judgment of sentence vacated. Remanded for resentencing.

KELLY, J., concurs in the result.

ROWLEY, J., dissents.