575 A.2d 639

**COMMONWEALTH of Pennsylvania**

v.

**Terry ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1990.

Filed June 5, 1990.

Thomas J. Bonavita, Asst. Public Defender, Warren, for appellant.

Richard A. Hernan, Jr., Dist. Atty., Warren for Com., appellee.

Before CAVANAUGH, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge:

Terry Anderson, Appellant, pleaded guilty to a charge of delivery of a controlled substance. He was sentenced to

serve thirty days in jail and to pay a fine of $500.00 and the costs of prosecution. He was also ordered to pay restitution to police agencies for the cost of the investigation and to "Crime Stoppers" for the cost it had incurred using an informant to target Anderson's drug activity. Anderson filed a petition to modify the restitution order. The trial court modified its order so that Anderson would not have to pay the police agencies for the costs of the investigation but only the $20.00 which the police gave the informant to buy the drugs from Anderson. The trial court did not modify, however, the restitution due "Crime Stoppers." Anderson appeals and we reverse.

The sole issue on appeal is whether "Crime Stoppers" should be paid restitution for its participation in this criminal action against Anderson. This is a novel question for this court and a thorough review of Pennsylvania's restitution statute (18 Pa.C.S.A. § 1106) leaves us with only one answer: no.

The general rule to be followed by trial courts when ordering restitution is defined as follows:

Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a)

The purpose of restitution is to impress upon the defendant that his or her criminal conduct caused the victim's loss or personal injury and that it is his or her responsibility to repair the loss or injury as far as possible. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984).

This court has held that the Commonwealth qualified as a "victim" under § 1106 and therefore money given by the Commonwealth to an undercover agent for the purchase of drugs could be recouped as restitution. *Commonwealth v.*

*Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986) *vacated* 517 Pa. 83, 534 A.2d 1050 (1987). Since *Mourar* was vacated, this court has questioned whether the Commonwealth can qualify as a victim under § 1106 and has contemplated the difficulties involved in determining the injury or loss suffered by the Commonwealth. *Commonwealth v. Hainsey*, 379 Pa.Super. 376, 550 A.2d 207 (1988). While this court has stretched the definition of "victim" in § 1106 to include the Commonwealth, we have no desire to further elongate the term to include organizations such as "Crime Stoppers." [1]

> The trial court gave this description of "Crime Stoppers:"
> Crime Stoppers is a private organization program that pays monetary awards to anonymous tipsters that result in a crime being solved. The identity of the caller is anonymous and the caller receives various amounts of cash, depending on the magnitude of the crime if prosecution is successful on the 'tip.'
> (Trial Court opinion at page 5)

The trial court then went on to reason that the private citizens and businesses who donate money to "Crime Stoppers" are "victims" under § 1106 because they have suffered a loss of property when their money goes to "tipsters" who report on the crimes of others. If the convicted defendant had never committed a crime, reasons the trial court, then the "Crime Stoppers" donors would have never parted with their money. Therefore, says the trial court, these donors are "victims" of the crime committed by the defendant just as the police are and they deserve the same type of restitution. We disagree.

Unlike the police, who have a statutory duty to protect the citizens of Pennsylvania and use the citizens' money to do so, "Crime Stoppers" is a *volunteer* organization of people and businesses who willingly give their money to pay people who have information about the criminal activity of

---

1. We note that this court has not unanimously included the Commonwealth in the definition of "victim." See Judge Johnson's well-reasoned dissent in *Mourar*, 349 Pa.Super. at 606, 504 A.2d 197.

others. While the efforts of "Crime Stoppers" have been helpful to the police, these efforts are not mandated by the citizens of Pennsylvania.

"Crime Stoppers" is a private organization acting as it believes good citizens should by helping gather information about criminal activity and by giving such information to the police. Money given to "Crime Stoppers" is not tax money. It is money given freely by people who want to see those who have committed crimes put in jail. Since the funds used by "Crime Stoppers" is voluntarily donated and not public funds, the organization cannot be considered a victim for purposes of restitution. We vacate that portion of the restitution order of the trial court requiring Anderson to pay restitution to "Crime Stoppers."

Order reversed in part. Jurisdiction relinquished.