587 A.2d 347

COMMONWEALTH of Pennsylvania

v.

Heather HARNER, a/k/a Heather Williamson, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Decided Feb. 25, 1991.

Colin K. Lydon, Harrisburg, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., Harrisburg, for Com., appellee.

Before CIRILLO, President Judge, and JOHNSON and BROSKY, J.

BROSKY, Judge.

Heather Harner [1] appeals from the judgment of sentence of the trial court following her guilty pleas to two counts of interference with custody of children.[2] Appellant was sentenced to a twelve-month period of probation and ordered to pay $14,351.48 in restitution to her former husband, John Harner. Her Motion for Modification of Restitution was denied, and she appealed to this court.

Appellant claims on appeal that the trial court erred when it ordered her to pay restitution since (1) "the subject matter of the restitution claim was inappropriate for supporting an order of restitution"; and, (2) the trial court failed to determine whether appellant possessed the capability to pay restitution. Appellant's Brief at 9. We vacate the judgment of sentence relating to restitution and remand to the trial court for a hearing and resentencing consistent with this opinion.

Appellant and John Harner obtained a divorce.[3] In 1985, Mr. Harner was awarded custody of their two children. Mr. Harner and the children, aged eleven and nine, continued to reside in Dauphin County, Pennsylvania. Appellant relocated to Louisiana. Pursuant to the custody order she periodically travelled to and briefly remained in Dauphin County in order to spend time with the children. During one such visit in June, 1989, she abducted the children and

1. Appellant has remarried since the filing of the instant criminal charges against her and her present name is Heather Williamson.

2. 18 Pa.C.S. § 2904(a).

3. The record does not indicate the date of the divorce.

took them to Louisiana.[4]

The sole transcript in the record provided on appeal is of appellant's April 16, 1990 guilty plea-sentencing hearing (hereinafter referred to as "the hearing"). The hearing includes a guilty plea colloquy, comments by the prosecutor and defense counsel and the pronouncement of sentence.[5]

Appellant stated at the hearing that, "The state of Louisiana took the kids in their protection because of the abuse issue." N.T., 4/16/90, at 8. The record does not indicate the nature of the legal proceedings that ensued in Louisiana but the prosecutor stated at the hearing that, "There was a rather lengthy battle that Mr. Harner waged in the Louisiana Courts in an attempt to recover the children. *Id.* at 2–3. The prosecutor stated that Mr. Harner accumulated $6,800.00 in legal fees for work performed by a law firm.[6] *Id.* at 9. The prosecutor also stated that Mr. Harner expended approximately $1,000.00 in legal fees in Pennsylvania[7] and that he spent approximately $2,000.00 for "trip expenses[.]" (We assume that these trips were to Louisiana.) *Id.* The prosecutor also stated that Mr. Harner paid approximately $1,000.00, "to a private investigator who was looking for the children in Louisiana and $800 to another private investigator who was also employed." *Id.* The forgoing was the entire testimony regarding Mr. Harner's expenses that were precipitated by appellant's crimes.

Although the prosecutor only enumerated $11,600.00 in expenses allegedly incurred by Mr. Harner, he requested and received a sentence ordering appellant to pay $14,-351.48 in restitution. Appellant did not contest the legitimacy of the dollar amount of the Commonwealth's request

4. Appellant averred at her guilty plea that she believed that the children were being abused by Mr. Harner and that is why she abducted them.

5. Although appellant made two brief comments during the sentencing phase of the hearing there was no other testimony by any party.

6. The State in which these services were performed is not revealed to us.

7. We are unaware of what type of legal services were provided by any of the attorneys.

for restitution. Appellant asked the trial court, "Can I not just pay for the legal [fees accumulated by Mr. Harner?]" *Id.* at 9.

██ Appellant first claims that the trial court erred in ordering appellant to pay restitution since Mr. Harner's expenses were not of the type that are recoverable pursuant to an order of restitution. Although not framed as such by appellant, her claim is that the imposition of restitution constituted an illegal sentence.[8]

Our review of the relevant Pennsylvania statutes and caselaw indicates that this is an issue of first impression. Furthermore, our extensive research regarding criminal restitution in at least three other major jurisdictions failed to reveal any cases and statutes significantly related to appellant's instant claim.

Sentencing is a matter within the sound discretion of the trial court and absent an abuse of discretion we will not disturb a sentence on appeal. *Commonwealth v. Semuta*, 386 Pa.Super. 254, 562 A.2d 894 (1989).

18 Pa.C.S. § 1106 states, in pertinent part,

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

. . . .

(c) Authority of sentencing court.—In determining whether to order restitution as part of the sentence or as a condition of probation ..., the court:

(1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.

. . . .

**8.** A claim that the sentence imposed is illegal is essentially a claim that the trial court did not possess jurisdiction to impose such a sentence. *Commonwealth v. Cannon*, 387 Pa.Super. 12, 563 A.2d 918 (1989).

(h) Definitions.—....

"Injury to property." Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

"Personal injury." Actual bodily harm [9] ... directly resulting from the crime.

"Property." Any real or personal property, including currency and negotiable instruments, of the victim.

42 Pa.C.S. § 9721(c) states, "[T]he court may order the defendant to compensate the victim of his [or her] criminal conduct for the damage or injury that he sustained."

The purpose of restitution is to impress upon the defendant that her criminal conduct caused the victim's loss or personal injury and that it is her responsibility to repair the loss or injury as far as possible. *Commonwealth v. Anderson*, 394 Pa.Super. 299, 575 A.2d 639 (1990); *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984). In other words, the primary purpose of restitution is the rehabilitation of the defendant. *Commonwealth v. Torres*, 396 Pa.Super. 573, 579 A.2d 398 (1990); *Commonwealth v. Cannon*, 387 Pa.Super. 12, 563 A.2d 918 (1989). An additional purpose of restitution is to provide the complainant with a measure of redress. *Commonwealth v. Torres, supra; Commonwealth v. Melnyk*, 378 Pa.Super. 42, 548 A.2d 266 (1988). "Restitution does not enable a victim to make a claim for damages in a criminal trial." *Commonwealth v. Cannon, supra*, 387 Pa.Superior Ct. at 26, 563 A.2d at 925. Although restitution aids the victim, its primary purpose is still the rehabilitation of the defendant. *Id.*

Although current Pennsylvania caselaw does not contain a specific method of analysis for determining whether a victim's property "has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime[,]" 18 Pa.C.S. § 1106(a), this court, in *dicta*, has offered some guidance in *Common-*

9. "Actual bodily harm" within the meaning of 18 Pa.C.S. § 1106 includes actual emotional or mental disturbances, but it does not include pain and suffering. *Commonwealth v. Cannon, supra.*

*wealth v. Penrod,* 396 Pa.Super. 221, 578 A.2d 486 (1990). The defendant in that case caused a serious automobile accident in which the victim's automobile was demolished. Subsequent to the accident, an unknown third party stole audiotapes from the victim's disabled automobile. Our court stated that, "Given this 'but for' causation and the proximateness in time from the accident to the theft, we would find no abuse of discretion in the trial court's restitution order." *Id.,* 396 Pa.Superior Ct. at 229, n. 1, 578 A.2d at 490, n. 1. Although the restitution issue was found to be waived in *Penrod,* our court, in *dicta,* would have affirmed the restitution order directing the defendant to compensate the victim for the loss of the audiotapes.

"The settled law of this Commonwealth is that attorneys' fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties." *Dept. of Transp. v. Manor Mines, Inc.,* 523 Pa. 112, 122, 565 A.2d 428, 433 (1989); *Chatham Communications, Inc. v. General Press Corporation,* 463 Pa. 292, 344 A.2d 837 (1975). In *Commonwealth v. Angelo,* 18 Pa.D. & C.3d 795 (1981), the Monroe County Court of Common Pleas, pursuant to *Chatham Communications, supra,* declined to award attorneys' fees as part of the restitution portion of a sentence.

■ Pursuant to *Dept. of Transp. v. Manor Mines, Inc., supra,* we find that the trial court erred in ordering appellant to make restitution for the attorneys' fees incurred by Mr. Harner. There is no statute that provided for the payment of attorneys' fees in the instant situation, and Mr. Harner and appellant did not agree to reimbursement for said fees.[10]

■ We also find that the trial court had authority to order appellant to make restitution for Mr. Harner's "trip

10. Although appellant offered at sentencing to pay Mr. Harner's attorneys' fees, this was only after restitution had already been ordered. Therefore, there was no prior agreement between the parties regarding attorneys' fees.

expenses" and private investigator fees.[11]  The value of Mr. Harner's assets were substantially decreased as a direct result of appellant's abduction of his children.  He was compelled to expend sums of money in order to regain possession of his children.  We believe that the "but for" causation analysis mentioned in *dicta* in *Commonwealth v. Penrod, supra,* is the proper analysis to be employed when a court is determining whether a victim suffered property loss as a direct result of a defendant's crime.  In the instant case, Mr. Harner's assets (cash, or property that had to be sold in order to obtain cash) would not have been substantially decreased "but for" appellant's actions in abducting the children and secreting them in Louisiana.  Hence, the instant factual situation is one in which a sentencing court can properly impose restitution.

■ We now turn to appellant's second issue.  She avers that the trial court failed to determine whether she possessed the capability to pay restitution.[12]

Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation or parole, it must be supported by the record. Among the things the sentencing court must consider on the record are:  the extent of the injury suffered, see 18 Pa.C.S. § 1106(c)(1);  the fact that the defendant's action caused the injury and that he will be able to pay for it, and the type of payment—lump sum or installment—that will best serve the needs of the victim and the capabilities of the defendant.  See 18 Pa.C.S. § 1106(c)(1).

11.  We will explain in issue number two why the trial court generally had authority to order restitution for these expenses but improperly issued such an order in the instant case.

12.  Although appellant did not raise this claim at sentencing or in her Motion for Modification of Restitution the claim is not waived.  We held in *Commonwealth v. Balisteri, supra,* that an order of restitution which was not supported by the record constituted an illegal sentence. "The illegality of a sentence of restitution is not a waivable issue.... An illegal sentence can be corrected at any time.  It is not waived by a failure to file a petition to modify the sentence." *Commonwealth v. Reed,* 374 Pa.Super. 510, 514–15, 543 A.2d 587, 589 (1988).  Since appellant is challenging the legality of her sentence the issue is not waived and we will address it.

*Commonwealth v. Torres, supra,* 396 Pa.Superior Ct. at 580, 579 A.2d at 400.

> [R]estitution is within the discretion of the sentencing court but must be supported by the record, and the court must determine the loss or damages resulting from the defendant's conduct, the amount of compensation the defendant can afford to pay and how such amount shall be paid. An award for restitution should not be speculative or excessive. There is no requirement that the reasons for ordering restitution be set forth at sentencing. [Citations omitted].

*Commonwealth v. McLaughlin,* 393 Pa.Super. 277, 292, 574 A.2d 610, 617 (1990).

The trial court in the instant case failed to comply with the aforementioned relevant statutory and case law. First, there is no indication in the record that the trial court considered appellant's ability to pay restitution. We must therefore remand to the trial court for a hearing to determine appellant's ability to pay.

Secondly, the trial court did not adequately determine the amount of expenses incurred by Mr. Harner.[13] It relied upon the prosecutor's statement that Mr. Harner spent approximately $2,000.00 for "trip expenses." N.T., 4/16/90, at 9. We are not privy to the location of these trips or the justification for the $2,000.00 figure. The trial court also relied upon the prosecutor's statement that Mr. Harner paid approximately $1,000.00, "to a private investigator who was looking for the children in Louisiana and $800 to another private investigator who was also employed." *Id.* The record does not indicate the location of or type of work performed by the latter private investigator.

Third, the trial court ordered restitution in an amount that was several thousand dollars higher than the list of expenditures enumerated by the prosecutor. The record does not indicate the trial court's rationale for the higher

13. We are only focusing on the "trip expenses" and private investigator fees since we have already determined that the trial court erred in awarding attorneys' fees to Mr. Harner.

amount. We therefore also remand for a determination of the nature and amount of expenditures incurred by Mr. Harner.

Once the trial court determines appellant's ability to pay restitution and the nature and amount of expenditures incurred by Mr. Harner it may resentence appellant regarding restitution.[14]

Judgment of sentence relating to restitution is vacated. Case remanded for hearing and resentencing consistent with this opinion. Jurisdiction relinquished.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting.

I agree with my colleagues that the trial court erred in ordering Heather Harner, (Mother), to make restitution for attorneys' fees incurred by John Henry Harner, (Father). I also agree that the trial court failed to make an on-the-record determination of Mother's ability to comply with the proposed order. This failure, alone, would require that we vacate that portion of the judgment of sentence relating to restitution.

Since I am unable to find any statutory authority for the imposition of an order of restitution to permit a parent to recover alleged expenses billed by private investigators or incurred while traveling, I must dissent.

Since the judgment of sentence brought together an imposition of twelve months' probation and an order of restitution totalling $14,351.48, and since I would find that none of the restitution is allowable, I would reverse the order of restitution and remand for resentencing.

I firmly believe that the facts of this particular case cannot satisfy the general rule authorizing restitution. I am not surprised, therefore, by my colleagues' inability to find any cases or statutes in this, or "in at least three other

---

**14.** We are not disturbing appellant's twelve-month sentence of probation.

major jurisdictions" significantly related to Father's claim in this case. Where the general rule is clearly inapplicable, I find it inappropriate to seize upon a causation analysis bottomed in "but for"-ness and only casually mentioned by way of footnote dicta in an earlier case.

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). Moreover, all provisions of a penal statute are to be strictly construed. 1 Pa.C.S. § 1928(b)(1).

The relevant statutory provision, 18 Pa.C.S. § 1106, provides as follows:

**§ 1106. Restitution for injuries to person or property**

(a) **General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

. . . .

(h) **Definitions.**—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

. . . .

**"Injury to property."** Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

. . . .

**"Restitution."** The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.

**"Victim."** Any person, except an offender, who suffered injuries to his person or property as a direct result of the crime.

Mother pleaded guilty to two counts of interference with custody of children, 18 Pa.C.S. § 2904. The charges

stemmed from her having taken her two children, in June 1989, and having returned to her home in Louisiana in violation of an existing Dauphin County custody order. The restitution order here under review included amounts "expended by [Father] for private investigators, trying to locate his children, for legal fees, within Louisiana and Pennsylvania, and for expenses for trips to Louisiana." Opinion, Honorable Warren G. Morgan, dated and filed June 7, 1990.

Under the general rule set forth in Section 1106(a), *supra,* restitution is authorized only in convictions "wherein *property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime.*" The majority does not seek to analyze Father's loss, if any, in terms of describing the "property" claimed to be "stolen, converted or otherwise unlawfully obtained." Rather, the majority asserts that the "value" of Father's *assets* "were substantially decreased as a direct result of [Mother's] abduction of his children." The majority goes on to conclude, without analysis, that these vague "assets ... would not have been substantially decreased 'but for' [Mother's] action in abducting the children and secreting them in Louisiana."

The majority's reliance on the dicta in *Commonwealth v. Penrod,* 396 Pa.Super. 221, 229 n. 1, 578 A.2d 486, 490 n. 1, (1990) is misplaced. Without reaching the soundness of that dicta, it is quite clear that *Penrod* involved a demolished car and audiotapes that, under the general rule in § 1106(a), were both tangible, specific "property" and were either "substantially decreased in value" or "stolen". This, then, would permit an analysis as to whether the decrease in value was "as a direct result of the crime", where the post-accident criminal conduct of an unknown third party resulted in the tapes being stolen, and whether Gerald N. Penrod was, in fact and in law, the "offender" with respect to the loss of the audiotapes. The *Penrod* panel utilized a footnote to slip in its dicta regarding the waived restitution issue, without any analysis on the point by the panel. It is impossible, therefore, to tell how that panel concluded that

Penrod could be made to pay restitution for the acts of an unknown, third party offender.

In the case now before us, we do not even have any identifiable "property" for which restitution may be ordered. The crime here is interference with custody of children. There is not the slightest suggestion that anything other than the parties two children were, at any time, "stolen, converted or otherwise unlawfully obtained." The majority is reduced to describing the imagined "property" as "cash, or property that had to be sold in order to obtain cash." We know not which. Since there is no "property" involved, I reject the majority's analysis that finds that a party's general, nonspecific "assets" may have their value "substantially decreased as a direct result of the crime."

Any time that money is paid out for services, the assets from which the payment was derived are decreased, regardless of the reason or the cause for the payment. Here, Father elected to use his own resources to secure personal investigative services and to travel to another state in the course of seeking to locate his children. All of these payments were discretionary as well as voluntary. None of them arose as a "direct result" of Mother's criminal acts. Cf. *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982); *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197 (1986) (Dissenting Opinion, Johnson, J.) vacated 517 Pa. 83, 534 A.2d 1050 (1987), *order reentering order affirming grant of restitution and remanding for resentencing*, No. 3076 Philadelphia 1983, Pa.Super. October 18, 1988.

In *Commonwealth v. Cooper*, 319 Pa.Super. 351, 466 A.2d 195 (1983), we analyzed the case law in other jurisdictions and determined that "restitution is permissible only as to losses flowing from *the conduct for which the defendant has been held criminally accountable.*" 319 Pa.Super. at 356, 466 A.2d at 197 (citations omitted, emphasis added). This is based upon the very sound rationale that due process of law is denied when the losses for which restitution has been imposed did not arise from the very

485

offense for which the defendant was convicted. This is reflected in the requirement of § 1106(a) that the loss *directly* result from the crime.

In the case before us, the trial court did not reach a conclusion that the losses awarded to Father had directly resulted from Mother's having fled Pennsylvania with her two children. Rather, the court merely found that "all of the incurred costs *stemmed* from the charges." Opinion, Morgan, J., June 7, 1990, page 1 (emphasis added). In a criminal proceeding, this simply is not enough. 1 Pa.C.S. § 1928(b)(1). Where, as here, no property is endangered and the amounts sought to be deemed "losses" represent nothing more than the aggregate of voluntary cash payments made from unrelated personal assets by a parent in pursuing enforcement of an existing custody order, restitution can not be imposed. *Commonwealth v. Anderson*, 394 Pa.Super. 299, 575 A.2d 639 (1990).

That portion of the judgment of sentence which purports to impose restitution should be reversed as beyond the scope of § 1106(a). Since the only remaining portion of the sentence involves a two year period of probation, it may well be that the sentencing court believed it was balancing several needs by ordering a significant restitution sum and foregoing incarceration. We cannot tell from this record. Where a case requires a correction of sentence, we may either remand for resentencing or amend the sentence directly. *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). Since I believe that no restitution is authorized on this prosecution, I would vacate the sentence, remand the case to the trial court and rely on the good judgment of the sentencing court to amend the sentence upon remand. *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985).

For all of the above reasons, I can concur in only so much of my colleagues' decision as would deny Father reimbursement for his attorneys' fees. I must dissent from that portion of the majority opinion as would find authority in 18 Pa.C.S. § 1106 to award restitution for personally incurred

private investigator fees and voluntarily incurred trip expenses. Such an award flies in the face of the statute governing restitution, 18 Pa.C.S. § 1106.